

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 25, 1970

Honorable John W. Warner
County Attorney
Gray County
P. O. Box 635
Pampa, Texas

Opinion No. M-654

Re: Whether a county is required
to furnish office space for
the Home Demonstration Agent
and the County Farm Agent.

Dear Mr. Warner:

Your request for an opinion asks whether Gray County is required to furnish office space for the Home Demonstration Agent and the County Farm Agent.

We have not been cited to any statute nor have we found any statute which requires the county commissioners court to furnish office space for the above named agents. The statutes which control the answer to your question are Article 164, Vernon's Civil Statutes, and Section 1 of Article 2372e-2, Vernon's Civil Statutes. Article 164 provides:

> "The Commissioner's Court of any county of this State is authorized to establish and conduct co-operative demonstration work in agriculture and home economics in co-operation with the Agricultural and Mechanical College of Texas, upon such terms and conditions as may be agreed upon by the Commissioners' Court and the agents of the Agricultural and Mechanical College of Texas; and may employ such means, and may appropriate and expend such sums of money as may be necessary to effectively establish and carry on such demonstration work in Agriculture and Home Economics in their respective counties."
> (Emphasis added.)

Section 1 of Article 2372e-2, Vernon's Civil Statutes, provides:

> "The County Commissioners Courts and the City Commission of any incorporated town or

city of this State are hereby authorized to
lease, rent, or provide office space for the
purpose of aiding and co-operating with the
agencies of the State and Federal Governments
engaged in the administration of relief to the
unemployed or needy people of the State of Texas,
and to pay the regular monthly utility bills
for such offices, such as lights, gas, and water;
and when in the opinion of a majority of a
Commissioners Court of a county such office
space is essential to the proper administration
of such agencies of either the State or Federal
Governments, said Court is hereby specifically
authorized to pay for same and for the regular
monthly utility bills for such offices out of
the County's General Fund by warrants as in
the payment of such other obligations of the
county." (Emphasis added.)

In construing the provisions of Article 2372e-2, this
office concluded in Attorney General's Opinion O-1928 (1940) that:

"It is our opinion that such article fully
authorizes the commissioners' court to make the
expenditures inquired about, if a majority of
the membership thereof has concluded the neces-
sity therefor, even though the office space so
furnished, might result in benefits to be derived
to the needy of adjoining counties." (Emphasis
added.)

Furthermore, this office concluded in Attorney General's
Opinion V-1272 (1951) that the question of "necessity" of expen-
diture of county funds for the purpose of providing telephone
service, office supplies and equipment and long distance tele-
phone tolls for offices of the County Agricultural Agent and the
County Home Demonstration Agent was left to the discretion of the
commissioners court. We quote the following from Attorney Gen-
eral's Opinion V-1272 (1951):

"This office has held that Article 164 pro-
vides authority for the expenditure of county
funds for the erection of a building to house
the County Agricultural Agent and the Home
Demonstration Agent. Att'y. Gen.Op. O-2516
(1940). We have also held that the same
statute authorizes the expenditure of county

        funds for the purchase of kitchen equipment
to be used by the home demonstration agent.
Att'y Gen. Op. 0-620 (1939). In view of the
foregoing, it is our opinion that authority
exists for the payment of telephone service,
office supplies and equipment, and long dis-
tance tolls for the offices of the County Ag-
ricultural Agent and the County Home Demon-
stration Agent. However, the expenditure of
County funds for such purpose and the necessity
therefor is left to the discretion of the Com-
missioners' Court of Ellis County. Att'y Gen.
Op. 0-620 (1939)." (Emphasis added.)

        In view of the foregoing we conclude that whether
office space is furnished by the county for the Home Demonstration
Agent and the County Farm Agent is left to the discretion of the
commissioners court. Therefore, in answer to your question you
are advised that the commissioners court is authorized, but not
required, to furnish office space for the Home Demonstration
Agent and the County Farm Agent. This opinion assumes that Gray
County has not entered into outstanding contractual obligations
pursuant to the above quoted statutes, whereby Gray County has
agreed to furnish office space for such agents.

## S U M M A R Y

        The Legislature has left to the commissioners
court to determine whether office space should be
furnished by the county for the Home Demonstration
Agent and the County Farm Agent. In the absence of
outstanding contractual obligations the commissioners
court is not required to furnish office space for
such agencies, but the commissioners court is au-
thorized to furnish such office space under the pro-
visions of Article 164 and Article 2372e-2, Vernon's
Civil Statutes.

        Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

Hon. John W. Warner, page 4      (M-654)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Glenn Brown
W. O. Shultz
Gordon Cass

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant